**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JAMES EVANS,**

                  **Plaintiff,**

-vs-                                                  Case No.  6:12-cv-229-Orl-31KRS

**GENERAL MECHANICAL**
**CORPORATION,**

                  **Defendant.**

_____

## ORDER

This cause comes before the Court on a Motion to Dismiss (Doc. 14) filed by Defendant General Mechanical Corporation ("GMC"); and a response (Doc. 16) filed by the Plaintiff James Evans ("Evans").

Plaintiff initiated this Fair Labor Standards Act ("FLSA") suit on February 13, 2012, arising from GMC's alleged failure to pay him proper overtime wages. 29 U.S.C. § 216(b). The United States Department of Labor ("DOL") investigated the claim and determined that Plaintiff was underpaid $1,445.00. On March 26, 2012, GMC tendered that amount as "full payment" of Plaintiff's claims and filed the instant motion to dismiss the case as moot under Rule 12(h)(3) of the Federal Rules of Civil Procedure and *Dionne v. Floormasters Enters. Inc.*, 667 F.3d 1199 (11th Cir. 2012). Plaintiff argues that the case is not moot because $1,445.00 does not constitute "full payment" of his claim.

As a general rule, the settlement of a plaintiff's claim moots an action. *See Lake Coal Co. v. Roberts & Schaefer Co.*, 474 U.S. 120, 106 S. Ct. 553, 554, 88 L. Ed.2d 418 (1985); *Hammond*

*Clock Co. v. Schiff*, 293 U.S. 529, 530, 55 S. Ct. 146, 79 L. Ed. 639 (1934). FLSA claims are frequently mooted where an employer/defendant tenders "full payment." *See, e.g., Cameron–Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1244 (11th Cir. 2003) (mootness doctrine applies to FLSA actions); *Gathagan v. Rag Shop/Hollywood, Inc.*, No. 04–80520–CIV, 2005 WL 6504414 (S.D.Fla. Feb.10, 2005) (defendant's tender of plaintiff's maximum recoverable damages rendered plaintiff's case moot); *Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211, 1219 (M.D. Fla. 2003) (offer of full relief eliminates a legal dispute upon which federal jurisdiction can be based and renders the case moot). The question presented here is whether Defendant's tender of $1,445.00 constitutes "full payment" of Plaintiff's claims.

In each case cited by Defendant, an FLSA claim became moot after the employer tendered the "full amount" of the plaintiff's *claimed* damages, or where the tender amount is less than full claim, but the Plaintiff accepts it. *Cameron-Grant*, for example, addressed whether a named plaintiff in an FLSA class action case had sufficient "personal stake" in litigation after his personal claims had become moot. 347 F.3d at 1244. His claims were moot because the employer "fully paid all claimed unpaid wages and overtime pay, liquidated damages equal to that amount, and plaintiff's costs and attorney's fees." *Id*. *See also*, *Dionne*, 667 F.3d 1199 (employee's claim mooted after employer tendered the "full amount of overtime pay claimed" by the employee); *Gathagan v. Rag Shop/Hollywood, Inc.*, No. 04-805200-CIV, 2005 WL 6504749 (S.D. Fla. May 9, 2005) (case was dismissed as moot after employer tendered, and employee accepted, a check for all "alleged unpaid wages, . . . and a second check for double the full overtime amount for liquidated damages.").

This case is materially different because Plaintiff has not claimed a specific amount of damages. Rather, he demands payment for "all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorney's fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate." (Doc. 1 at 4).[1] Indeed, in his response Plaintiff claims that he is owed "approximately between $4000.00 to $5000.00 in Actual Damages alone." (Doc. 16 at 3).[2] Moreover, in contrast to the cases cited by Defendant, this case is in its infancy[3] and Plaintiff has not accepted any tender offer.

Although a DOL investigation determined that Plaintiff was underpaid only $1,445.00, the Court cannot say at this point–and Defendant presents no compelling reason to hold otherwise–that this constitutes "full payment" of Plaintiff's claims such to render the instant case moot. Without any support, Defendant implies that the DOL's award is binding. A brief review of the FLSA suggests otherwise. 29 U.S.C. § 216(b) provides a private right of action for employees. Subsection (c) states that,

> [t]he Secretary [of Labor] is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees . . . and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may

---

[1] Plaintiff claims that he is unable to determine the exact amount of damages until he has access to Defendants records. He also claims that the USDL calculations were based on inaccurate time records, and failed to take into account all of Plaintiff's compensable work time.

[2] To the extent Defendant moves to dismiss pursuant to Rule 12(b)(6), or Rule 8, that motion is denied. The allegations in the complaint are sufficient.

[3] The case was filed in February 13, 2012.

have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages.

Accordingly, while the DOL is charged with investigating suspected FLSA violations, an employee is not bound to accept any award resulting from it. In this case, Plaintiff did not accept the tender offer and has not waived his right to sue in this Court. Therefore, it is

**ORDERED** that Defendant's Motion to Dismiss (Doc. 14) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 25, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**