**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAMES EVANS,

    Plaintiff,

vs.    Case No.:  6:12-cv-229-GAP-KRS

GENERAL MECHANICAL CORPORATION,

    Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant GENERAL MECHANICAL CORPORATION, through undersigned counsel, and files this Answer and Affirmative Defenses to Plaintiff's Complaint, and further state:

1.    Defendant admits that this action is brought pursuant to the statutes named in paragraph 1 of the Complaint, but denies that Plaintiff is entitled to any relief thereunder.

2.    Defendant admits that Plaintiff was employed by Defendant; otherwise denied, and strict proof is demanded.

3.    Admitted.

4.    Admitted that this action is brought under the FLSA; denied that Plaintiff is entitled to any relief under the FLSA.  [Note:  paragraph 4 is included in the Complaint twice – this response applies to both paragraphs 4].

5.    Admitted for jurisdictional purposes only.

6.    Defendant is without sufficient knowledge regarding the truth of the allegations contained in paragraph 6 of the Complaint, therefore denies same and demands strict proof thereof.

7. Defendant is without sufficient knowledge regarding the truth of the allegations contained in paragraph 7 of the Complaint, therefore denies same and demands strict proof thereof.

8. Defendant is without sufficient knowledge regarding the truth of the allegations contained in paragraph 8 of the Complaint, therefore denies same and demands strict proof thereof.

9. Defendant is without sufficient knowledge regarding the truth of the allegations contained in paragraph 9 of the Complaint, therefore denies same and demands strict proof thereof.

10. Defendant is without sufficient knowledge regarding the truth of the allegations contained in paragraph 10 of the Complaint, therefore denies same and demands strict proof thereof.

11. Defendant is without sufficient knowledge regarding the truth of the allegations contained in paragraph 11 of the Complaint, therefore denies same and demands strict proof thereof.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint, and demands strict proof thereof.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint, and demands strict proof thereof.

14. Defendant is without sufficient knowledge regarding the truth of the allegations contained in paragraph 14 of the Complaint, therefore denies same and demands strict proof thereof.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

15. Defendant adopts and incorporates all statements and denials contained in paragraphs 1 through 14 as if fully set forth herein.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint, and demands strict proof thereof.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint, and demands strict proof thereof.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint, and demands strict proof thereof.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint, and demands strict proof thereof.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint, and demands strict proof thereof.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint, and demands strict proof thereof.

22. Defendant demands a trial by jury.

## COUNT II – DECLARATORY RELIEF

23. Defendant adopts and incorporates all statements and denials contained in paragraphs 1 through 14 as if fully set forth herein.

24. Defendant admits that the statements contained in paragraph 24 of the Complaint are true.

25. Defendant admits that the statements contained in paragraph 25 of the Complaint are true.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint, and demands strict proof thereof.

27. Defendant admits the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint, and demands strict proof thereof.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint, and demands strict proof thereof.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint, and demands strict proof thereof.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint, and demands strict proof thereof.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint, and demands strict proof thereof.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint, and demands strict proof thereof.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint, and demands strict proof thereof.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint, and demands strict proof thereof.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint, and demands strict proof thereof.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint, and demands strict proof thereof.

38.     Defendant demands a trial by jury.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff is covered by an exemption contained in 29 U.S.C. § 213.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Some or all of the alleged overtime worked by Plaintiff is noncompensable under 29 U.S.C. § 254.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are barred by the applicable statute of limitations. Defendant pleads all applicable limitations periods, both as a bar to the claims and requests for relief asserted in the Complaint and as limitations upon evidence to be admitted or considered in connection with any proceedings in this case.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Any act or omission by the Defendant alleged by the Plaintiff was taken in good faith, and Defendant had reasonable grounds for believing any alleged acts or omissions were not violations of the Fair Labor Standards Act.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff was paid all monies legally owed to him.

### AS AN FOR A SIXTH AFFIRMATIVE DEFENSE

The doctrine of unclean hands bars this action.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Defendant is entitled to a setoff.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Complaint are barred by the equitable doctrine of laches, waiver, estoppel, or release.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent the claims are based on time not suffered or permitted to work, as defined by applicable law.

WHEREFORE, Defendant demands that judgment be entered in favor of Defendant and against Plaintiff, and for any such other relief as this Court deems just and proper.

Dated this 14th day of May, 2012.

Respectfully Submitted,

**Anderson | Pinkard**

/s/ Tracy Martinell Henry
Tracy M. Henry, Esq.
Florida Bar No.: 073865
13577 Feather Sound Drive, Suite 670
Clearwater, FL 33762
Telephone: (727) 329-1999
Facsimile: (727) 329-1499
E-Mail: thenry@floridalawpartners.com

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on May 14, 2012, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing by e-mail to the following participants:

Carlos V. Leach, Esq.
Morgan & Morgan, P.A.
20 N. Orange Avenue, 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
cleach@forthepeople.com

                                                  /s/ Tracy Martinell Henry
                                                  Tracy Martinell Henry, Esq.
                                                  Florida Bar No.: 073865